Ms. Turner. Thank you, Mr. Chief Justice, and may it please the Court. Rule 51 tells parties to criminal proceedings how to preserve claims of error for appeal. A party does so by telling the court what action the party wants the court to take when a ruling is made or sought. There is no need to tell the court twice. In every Federal Court of Appeals except the Fifth Circuit, this rule means what it says. Specifically, it means that a criminal defendant who argues for a particular sentence in district court preserves for appeal a challenge to a longer sentence. In the Fifth Circuit, however, a criminal defendant, like Petitioner here, must argue for a particular sentence in district court during the sentencing hearing and must object to any longer sentence as substantively unreasonable after the sentence is issued. That post-sentencing objection requirement flouts Rule 51, which expressly says that exceptions are not required. Nor is there any practical merit to the Fifth Circuit's rule. In fact, there is no evidence that a district court has ever reconsidered a sentence in light of a post-sentencing objection. And that makes sense. The sentencing court will have just heard and rejected the same arguments in issuing a sentence. Recognizing that the Fifth Circuit's rule is indefensible, the government does not defend it. Instead, it supports Amicus or Petitioner here. And Amicus tries to defend the judgment below on alternative grounds. According to Amicus, a party must identify the length beyond which a sentence is substantively unreasonable. But substantive reasonableness is not a freestanding requirement under the Sentencing Reform Act. It is simply a standard of appellate review. And there is no need for parties to frame their claims in terms of that standard of appellate review while they are still in district court, just as they need not frame their objections to evidentiary rulings in terms of abusive discretion or to factual findings in terms of clear error while they are still in the trial court. Because Petitioner here adequately preserved his challenge to the length of his sentence, this Court should reverse. I'm open to questions. But if you have none, there are really two problems. Sotomayor, counsel argued for the preferred, the defendant's preferred sentence. It didn't say that anything other than that would be excessive. That's correct, Justice Ginsburg. And that is fine to put the Court on notice of his claim that his sentence is too long. And there are sort of two parts to my answer. The first is that the better reading of Section 3553a is that the district court's task is to identify the particular sentence that is sufficient but not greater than necessary to serve the statute's objectives. And sufficient but not greater than necessarily means that there is a sentence that is sufficient but not greater than necessary. If 10 months is sufficient, 15 months is obviously greater. So by asking the court for a particular sentence, the party puts the district court on notice of their objections to any other sentence. But even if you don't agree with that reading of Section 3553a, there is no need to inform the court of all possible actions it might take. There's no basis for that requirement in Rule 51 and in other areas of the law where there are or a district court can take a range of actions, for example, in the context of Rule 11 sanctions or a length of continuance or a reasonable attorney's fees. A party simply has to ask for the result it wants. It doesn't have to identify all possible actions a district court might take to preserve that claim for appeal. Roberts' I mean, let's say the defendant says, I think my sentence should be, you know, 2 years. And the district court says in its decision, well, I think that I'm going to sentence you to 2 years and 6 months, because I think you've, you know, misunderstood this particular provision about, you know, history or deterrence or whichever. And is the district court supposed to appreciate in the court of appeals, if the defendant does nothing else, that he thinks it's substantively unreasonable for the district court to have added those 6 months for a reason that the may not even have been addressed by the defendant in his submission? So two points, Your Honor. The first is that, you know, the district court doesn't really have to appreciate that it is substantively unreasonable, because, again, that's just the appellate standard of review. The district court just has to understand that the party objects to the particular sentence. But also at the same time, the district court has to understand that the party has to understand that the party objects to the particular sentence. But also at the same time, the district court has to understand that the party has to be able to say, maybe that's okay with the defendant. He wanted 2 years, but he can't really say that it's unreasonable to get 2 years and 6 months, particularly since I pointed out to him precisely why I'm adding those 6 months. So again, we think the better view of Section 3053a is that it really instructs the district court to identify a particular sentence. And so by identifying a particular sentence, the defendant necessarily communicates that other sentences that he doesn't agree with other sentences. And while it's true that a defendant might not have identified every factor in Section 3053a in requesting a particular sentence, you know, there are only 5, I think. And district courts and defense attorneys are familiar with those factors, and there's no need to specifically run through them. Similarly, in other contexts, other areas of the law, there's no need to, for example, when someone, when a district court makes an evidentiary ruling that a defendant has discretion, even if the district court identifies reasons. Roberts. Yeah, but I mean, it could end up to particularly odd results. I mean, without a particular objection, the district judge might, you know, be sitting there in the court of appeals, and the brief that is filed is, you know, 40 pages objecting to, you know, a particular provision. And the district court says, well, that's not what I was looking at at all. I was looking at something else. In this hypothetical, the party is raising different arguments on appeals? Well, the whole point, I guess, of a post-decision objection is that it puts people on notice as to what the defendant is objecting to. And that can shape, you know, whether it's subsequent proceedings in the district court or appellate review. When instead, if you just say, well, so long as it's more than the defendant asked for, in a regime where there are a lot of factors, I'd count more than five, despite the subsections, it's particularly helpful to the process that people know what the concern really is going forward. But, again, that is just the appellate standard review, and Rule 51 is explicit in saying that post-ruling objections are not required if you have already informed the court of the action that you wish it to take, and there's no reason to alter that approach in the sentencing context. Alito, do you think that under the so-called parsimony principle, there is one precise sentence in every case that serves all the interests of sentencing, but doesn't do so to an excessive extent? That is the district court's task, is to find the sentence the district court determines is sufficient, but not great. And there's just one. So it's – let's say it's 11 months. That is the sentence called for by the Sentencing Reform Act. Not 10, not 12, 11. So it's not that there's some platonically correct sentence, but the district court's task is to determine the sentence that in its view is sufficient, but not greater than necessary. And that's, you know, inherent in sort of this parsimony principle. I mean, that's what that language means. If 10 months is sufficient, but not greater than necessary, 10 months and one day is greater than necessary. Well, if that – if it is not the case that there – that the parsimony principle identifies one particular precise sentence that is the correct sentence, then saying – then for defense counsel to say 11 – I urge you to sentence my client to no more than 11 months, that's different from saying that a sentence of 12 months would be outside the range of reasonableness. Again, Your Honor, it – Which is what would have to be shown on appeal. It is – you know, it is a sort of a different argument on appeal, but it is no different than, again, if you were on appeal and you had to argue that the district court's ruling was an abuse of discretion, you wouldn't – you don't have to make that abuse of discretion argument in district court, even though that is how you would have to frame your argument on appeal. It's exactly the same here, and we're just asking for those same rules to apply in this case. I'm sorry. What if defense – just along the same lines very quickly. What if defense counsel says, look, I understand that the guidelines range is 10 to 12 months, and I – and I know that that's presumptively reasonable, and I'm not going to argue with that, but I urge you to sentence my client to no more than 10, and the judge says, well, I'm sorry, I'm going to choose 11. Can the defense counsel then argue on appeal 11 was unreasonable? If the defense counsel has said – has said that 10 to 12 would be acceptable, or if he has only asked for 10? He says, I understand that's the range, and that's a reasonable range, but I think the appropriate sentence here is 10. So if – if the defense counsel simply identified the guidelines range and then asked for a particular sentence, then yes, I think that defense counsel could argue on appeal that 11 months was substantively unreasonable. However, if a district court – or if a defense counsel said something like, anything in the 10 to 12 months range is fine with us, and we think that's – you can do that, in that case, arguably he has not preserved an objection to an 11-month sentence. But it, you know, would depend on the context of what exactly the defense counsel had said, and there's no reason to craft unique rules in this context. Sotomayor, Ms. Kensal, Amikai seems in my mind to be arguing, not differently than you are, that you don't need to make necessarily an objection after the fact in all circumstances. He seems to be arguing that the circumstances, though, in which you don't have to renew afterward are those where you lay forth the reasons for why you want something. And so that you merely saying, I think 10 months is enough, is not enough. That – that doesn't put the district court on notice of the reasons you think 10 months are enough. And so that he's basically, I think, he'll speak for himself, obviously, but assuming his argument in my question, that you need to put the district court on some sort of notice what the basis is for you believing that 10 or 12 or 11 months is the right number, and that if you don't do that, then you do need to, you haven't preserved your objection adequately. How do you address that? Kensal, So as a first point in a practical matter, it is vanishingly rare that a defense attorney will have not filed objections to the PSR and will simply stand up and say, Section 3553A requires a shorter sentence, and sit down. Sotomayor I agree with you. It never happened in my experience, but it doesn't mean it can't. And so the question is for a reviewing court, when it gets that situation, what is it looking at to make a judgment as to whether or not the objection was adequately preserved when it wasn't restated at the end? I'm sorry. Kensal, Thank you. The Court simply applying the same fair notice standard that it applies in every other context to determine whether a fact, an argument is preserved. It's the test that this Court laid out in Beach Aircraft. And anything more specific, requiring very specific facts and circumstances, as amicus tends to suggest, is unwise, because it would create new problems for this Court to resolve, such as if someone argued in district court that his client was sick and deserved a shorter sentence, and then argued on appeal that he was going to die and deserved a shorter sentence, the Court would have to determine whether that was the same fact and circumstance. Thank you, counsel. Ms. Ratner. Mr. Chief Justice, and may it please the Court, I want to be very clear about what is and is not preserved when a defendant argues for a lower sentence than he receives. There are three key points. First, a defendant who argues for a lower sentence does preserve the claim that the district court unreasonably declined to grant the leniency requested. Second, a defendant does not preserve any procedural challenges or any challenges, however labeled, that go to something other than the length of the sentence. And third, a defendant who argues for leniency on one ground in the district court does not preserve a claim for leniency on a different ground. Those three points all come from the same overarching principle, that parties need to give the district court an opportunity to consider and resolve their claims. But under Rule 51, they need to give the district court one opportunity, not two. And that's fundamentally where the court below erred. I think that Petitioner has highlighted some of the problems. On your first two points, in my experience, a substantive unreasonableness claim is almost always coupled with a procedural failure to explain claim. And you're saying you don't need to object for the first, but you do need to object for the second one. They're almost always coupled. So let me make this very clear. We think Rule 51 applies equally to both of those. We think that as a practical matter, the first half of Rule 51, the affirmative request, is often going to be the way that substantive reasonableness claims are preserved. Whereas as a practical matter, the second half of Rule 51 is often going to be the way that procedural reasonableness claims are preserved. And that's just because of the way sentencing hearings occur. So the whole point of sentencing hearing is for parties to advocate to the court what they think the appropriate sentence is. They put the district court then on notice of those arguments. By contrast, a party isn't going to have the opportunity to tell the district court in advance, we think you've given an insufficient explanation, until they've actually heard the explanation. And so it's just because of that practical reason that those are going to tend to be after the fact objections instead of in advance requests. And that we really do think is the key point here, that we're not asking for any sort of exception for Rule 51. It applies the same in the sentencing context as outside the sentencing context. It applies to substantive reasonableness claims and procedural reasonableness claims. We're just asking, is this particular claim one that the district court has already had an opportunity to consider? And- On your third point about providing the ground for the claim on appeal, by that do you mean just a citation to a general category of sentencing consideration? Or do you mean a specific argument or pointing out specific facts? What do you mean? We mean that the circumstances that the defendant feels are important under section 3553A in order to entitle him to the lower sentence he's asking for. And so to give a simple hypothetical, a defendant who is in the district court and says, I deserve a below guideline sentence because of my family background and mitigating circumstances in my family history, has not preserved a claim for appeal that he deserves a below guideline sentence because of his reduced role in the offense. That hasn't fairly put the district court on notice of the substance of his claim. And so that can't be thought of as having sufficiently preserved the- I take it that you're not suggesting that one of those grounds has to be specifically linked to a statutory factor, is that correct? We aren't. Again, the overarching question is going to be an issue of fair notice. So as a general matter, no, it's not necessarily the case that those types of factual circumstances have to be particularly tied up to deterrence or the seriousness of the offense or what have you. I could imagine a case where a defendant's argument is so intimately tied to one of those factors that it hasn't really given the district court notice, fair notice, which again we think is the touchstone. But in the ordinary case, no, we don't think that that's going to have to be tied up that neatly. Sotomayor, I'm sorry. How do we write this opinion? Do we need to get into all of this? Are you asking us to give a sort of Bible, this preserves enough, that doesn't preserve enough? Is it adequate for us just to say it's too absolute a rule to require a specific objection under all circumstances, so long as a defendant has given us a fair, given the district court notice of its grounds for a particular different sentence than given that that's enough? So, Justice Sotomayor, I think that you could write an opinion that says the Fifth Circuit's rule is wrong. It's too absolute a rule in requiring a post hoc objection. But I do think there would be significant value in the Court offering some clarity about Justice Sotomayor. Sotomayor, the reason that I'm saying that is that I think the courts of appeals have largely got these questions correct. There's really just one outlier in one direction or another, and I do think there could be some potential in this Court's decision here to introduce confusion if it's not clear about just what is, what is and is not preserved when a defendant makes these sorts of arguments. As for what an opinion would look like, we would, we think that Judge Sutton's opinion for the en banc Sixth Circuit in United States against Vonner navigates these various issues, describes how Rule 51 applies in these contexts, and again, doesn't suggest that there are any exceptions to Rule 51, but explains how, as a practical matter, that analysis is going to look a little different in some contexts than others. Back to your hypothetical with Justice Alito, I'm not sure how appellate courts are supposed to do this, because it's not that it's not preserved, it's that it's reviewed under plain error. So you would have, say, family history reviewed under substantive unreasonableness, and reduced role in the offense reviewed under plain error for one inquiry of overall substantive unreasonableness. When substantive unreasonableness, let me just add this, itself, when you actually apply it in practice, is a lot like plain error. Obvious, it's so deferential in most courts of appeals, that kind of obvious errors when you say substantively unreasonable. So I'm not sure how a judge can keep all that straight. Well, I think in practice it hasn't been that complicated, Justice Kavanaugh, and courts, again, this is the rule that we think is in play in most of the courts of appeals, and the way that that shakes out is usually one of two ways. So first, a court of appeals might say, looking at all of the circumstances that you've preserved, we don't see this as a substantively unreasonable sentence, or we don't see this as an abuse of discretion. And then if we look to the circumstances you are raising for the first time, nothing in there suggests that our analysis of substantive reasonableness is plain error. That's sort of option one they do. Option two, and sort of going to your second point that this is already a deferential standard, we see fairly often courts say, well, even assuming that all of this had been preserved, it wouldn't be a substantively unreasonable sentence, or it wouldn't be an abuse of discretion. Can you imagine a sentence that's substantively unreasonable but not plain error? Yes, we do think that there is a small sliver of daylight between these standards. It's extremely small. It is very small. We think that's exactly why, if this case is vacated and remanded, we would advocate for the same outcome under a substantive reasonable review. You might think of it as analogous to double deference under AEDPA, that there's already a deferential standard of review, but if you were to add plain error on top, you'd get sort of an extra little bit of deference. Again, it probably wouldn't be dispositive in most cases, and that's why it doesn't create that many difficulties for courts in practice. But at the end of the day, the key problem with the Fifth Circuit's rule here is that it's requiring parties to say in the district court the applicable appellate standard of review, and that's just not something that litigants are required to do in any other context. The district court's job under Rita and Kimbrough and Gall is to decide the sentence that is appropriate under the Section 3553A factors, and reasonableness is just not an inquiry that comes into play until the case is appealed, and that's the inquiry that the court of appeals will apply in the first instance. If there are no further questions, we would ask the Court to vacate and remand. Roberts. Thank you, counsel. Mr. Allen. Thank you, Mr. Chief Justice, and may it please the Court. The question in this case is what a party must do in the district court to preserve a substantive reasonableness argument for appeal. In particular, under Rule 51, what must a party argue and when must they argue it? Let me start with the what. To preserve a substantive reasonableness argument, a party must argue two things. One, they must make the distinct legal argument that an imposed sentence is beyond the range of choice a district court has under 3553A, and two, identify the factors and circumstances supporting that argument. Those are the legal and factual grounds underpinning a substantive reasonableness argument, and under the best interpretation of Rule 51, a statement of grounds is necessary to preserve a claim of error. Now let me turn to the when. In most cases, these arguments are most sensibly made after sentencing, because it's only then that the parties know the imposed sentence and the district court's reasoning for it. And in most cases, I think you need to know those things to really determine whether you have a viable substantive reasonableness argument to assert. But technically, nothing in Rule 51 stops a party from making those arguments prior to imposition of a sentence, and so preservation pre-sentencing is possible in certain cases. The government appears to agree with at least part of this rule. In particular, the government agrees that a party must present the district court with the facts and circumstances supporting a substantive reasonableness argument in order to rely on those same facts and circumstances on appeal. And frankly, that does not seem to be a controversial or novel proposition. A party that never argued below that a sentence was substantively impermissible because, for example, it created unwarranted sentencing disparities should not be able to advance that same argument for the first time on appeal. The somewhat harder question, and the question on which I part ways with the government, concerns the first part of the rule. To preserve a substantive reasonableness argument, is it simply enough to ask for a party to do more than that? And for several reasons, I think the Fifth Circuit is correct to require parties to do more. Most fundamentally, merely arguing for a shorter sentence does not address the same issue that is before the court of appeals on a substantive reasonableness challenge. The court of appeals will not evaluate the reasonableness of the defendant's requested sentence. Rather, the court will evaluate the reasonableness of the imposed sentence. A party seeking to preserve a substantive reasonableness argument must present that same issue to the district court. I think one of the strongest things Ms. Turner said, in addition to her legal arguments, was that, in practice, this never produces a different result. Because the judge, presumably, has already, and in reality, has already thought about what is the reasonable sentence. So for them to object, I think that's unreasonable, it's going to go nowhere. So why, in addition to the legal points as a practical matter, require that? A couple of responses to that, Justice Kavanaugh. First of all, I fully concede that, in most cases, it probably won't make much of a difference, but I think that's more because of the very limited nature of substantive reasonableness challenges than it is because of the preservation rules. Substantive reasonableness challenges are very difficult to win, because most of the time, district courts are sentencing well within the discretion that they have. So I fully concede that, most of the time, it won't make a difference. However, I don't think that means that it won't always have some benefit. And I think it will have benefit in those cases where a substantive reasonableness argument is likely to have the most viability. And that's a case in which, for whatever reason, the imposed sentence differs dramatically from the sentence that the guidelines range and from the sentence the parties have requested. For example, if a defendant requests a 40-month sentence and the government of the court imposes a 200-month sentence, and these cases do happen from time to time in the courts of appeals. In that circumstance, I think it's likely that the district court has used reasoning and rationales that the parties might not theretofore have addressed or had an opportunity to argue about. And so in that situation, there is some benefit, I think, to having a party to apprise the court to say, Your Honor, I think the sentence you imposed is not only one I disagree with, but it's so excessive, it's outside the range of permissible sentences you could impose, and let me explain to you why that is. Let me engage with you on some of the reasoning you gave, why the party thinks the court might have put too much weight on an impermissible factor, not enough weight on a very important factor. So the short answer is, in most cases, it probably won't make much of a difference. But in the cases where a substantive reasonableness argument is likely to matter the most, it very well could have it and could make a difference. In the hypo, you raise that counsel almost always raise a procedural failure to explain objection in your hypo. Judge, you haven't explained that sufficiently, right? Correct. And I think that gets to two points. One is, I think what's procedural and what's substance in this circumstance can get very difficult sometimes. And it's an issue that the courts of appeals have struggled with. For example, if you disagree with the district court's reasoning, is it a procedural problem because the court failed to adequately explain it, or is it a substantive problem because the court explained it, you just disagree with the reasoning the court gave? I think it could be argued either way, and I think the courts of appeals have sometimes struggled with what it is. Well, they mostly get funneled into procedural. A lot of times they do. And, you know, as this Court said very clearly in Gall, you know, failure to adequately explain a chosen sentence is a procedural problem that I think everybody standing up here arguing today agrees that if you think a district court has not adequately explained its chosen sentence, a party should object to that in the district court and give the district court judge an opportunity to correct it. Well, if that's not true, if that's true, I guess it's hard for me to see why a party shouldn't also object if they disagree with some of the reasoning the district court gave and that reasoning hadn't been discussed previously in sentencing. In that circumstance, it would seem to serve the purposes of Rule 51, to have a rule that asks the parties to apprise the court of the court has used reasoning or rationales that the parties disagree with, that it believes are incorrect, that it believes are impermissible, and have the parties engage with the court on that, to give the district court an opportunity to address that in the first instance, such that the court of appeals aren't having to address it for the first time on appeal. I do think in thinking about this, the jury instruction analogy is somewhat helpful. And I would concede that the jury instructions are governed by a specific rule of the criminal procedure, Rule 30. But in the jury instruction context, we do require parties to object to a provided instruction if they believe that it's impermissible, and we require that even if they have previously proposed an instruction to the district court that has been rejected. I think the same principle applies here. Just because a party has requested a particular sentence does not mean they have necessarily and inevitably argued that the actually imposed sentence is so excessive and so extreme that it's outside the range of permissible sentences the court could have imposed.  The district court could have imposed a particular sentence that is not permissible. I mean, the argument really is simply that it doesn't comply with the factors in 3553, right? That is the argument on appeal. Excessive or extreme is my shorthand. That's not the standard that a substantive reasonableness is. But I think when you view substantive reasonableness through the deferential analysis that this Court has said courts of appeals are to apply to district courts, generally what courts of appeals are doing is saying, we think the sentence you've imposed is outside the discretion you had to impose the sentence based off the 33A factors and the reasons you gave. The reasons just even though district courts have substantial discretion, the reasons the court gave do not support the sentence it imposed. And so, yes, it's a the way this Court put it in Gall, I believe, Mr. Chief Justice, was if there's an unusually harsh or unusually lenient sentence that's not justified by the reasons the district court gave. Kagan. But, Mr. Allen, in saying what you just did, are you suggesting that substantive reasonableness is the standard that a district court should use in assessing what the proper punishment is? I don't think so, Justice Kagan. I think my argument is not so much that a district court should be asking whether the sentence is substantively unreasonable or a party should be saying it substantively unreasonable to the district court. I think I'm asking that the party assert the grounds for that argument, the basis for that argument in the district court. And so when you think about the purposes of Rule 51, we want parties to argue the same thing in the district court, but they're then going to argue, go on to argue on appeal. And the basis for a substantive reasonableness argument, I think, are two things. One is the sentence is outside the range of permissible sentences that could have been imposed under 3553A in light of the specific facts of the case, and two, the reasons for why that's true. And I think the rule that we've put to the Court, and the rule that I think the Fifth Circuit applies, is just asking parties to make those same arguments in the district court. That's going to be what they present to the Fifth Circuit or a court of appeals when they appeal it. We want parties to make those same, the exact same arguments in the district court. Kagan That doesn't seem to be what the question presented is. I mean, yes, there might be questions in a particular case, you know, if you say the sentence should be X because I cooperated with the government, and then in the appeals court you say the sentence should be X because I'm a very sick man, you know, then you have an issue about what grounds you presented. But that's not the issue that's presented by the Fifth Circuit's practice, is it? The issue that's presented by the Fifth Circuit's practice is this requirement that in the – after the sentence is given in the district court, the defendant have to step up and say, you know, I object to that, Your Honor. So I don't think that's actually what the Fifth Circuit's doing in practice. And I think it's an important point that might help the Court, that I think the Fifth Circuit's rule is much more about what a party must say than when a party must say it. We found no Fifth Circuit case in which the Fifth Circuit has said the timing of an objection is dispositive, that the – where the Fifth Circuit said you clearly objected it to the substantive reasonableness of the sentence before imposition of a sentence, but you didn't repeat it after imposition. Kagan If the Fifth Circuit had the rule that I'm suggesting the Fifth Circuit has and then you're saying it doesn't have, if the Fifth Circuit had that rule, would it be a violation of the rules? I don't think that would be the best reading of Rule 51, and that's not the approach we've put to the Court. Again, I don't think the timing of the objection should matter. I hate to press that a little bit, but not the best reading of Rule 51? It would be an incorrect reading of Rule 51. Okay. To answer the question directly. I don't think Rule 51 requires these objections to be made at any specific point in time during the sentencing proceeding. All it requires is that a party state the grounds at some point, and the grounds are what I started off articulating my argument with. Now, I think most sensibly, I think these are arguments that should really be made after sentencing, because it's only then that you know what your sentence is and what the district court's reasons for it, and I think only then would you be in a position to determine whether you have a viable substantive reasonableness argument to make. Well, and maybe not even then. I mean, the question of what arguments you're going to raise on appeal is not something that's immediately obvious when the sentence comes down. It's something that usually requires some consideration, some tactical analysis, all sorts of things. So I wonder what specificity you're requiring in this, I won't call it an exception since that's a problem for you, but this objection, this post-Hock objection. So two responses to that, Mr. Chief Justice. One is the concern about having to think about arguments on your feet isn't unique to the sentencing context. Obviously, there's all kinds of circumstances in criminal trials and other proceedings where we do expect lawyers to be on their toes in court and to raise arguments that come up to them, you know, on the spot. Well, yes, but I'm not trying to – I don't mean think of every argument you have. I mean, do some calculation, figure out, well, we do have an argument on this point, but we don't think we're going to – if we don't win on this point, we don't think we'll win on that, so we're only going to make this. I mean, it's a little more nuanced than objections during the course of the trial. Perhaps. But I also think that parties do do a tremendous amount of work going into preparing for a sentencing proceeding. You know, they review the PSR. They know what they're going to go in and argue for on behalf of their client. And then they can hear the district court's reasoning and determine whether there's something in that reasoning that they think is factually wrong or the court is putting too much weight on an inappropriate factor or not enough weight on a factor that they think is very important. So it might be more difficult in cases where sentencing proceedings go for an entire day than it will be for a case like this one where it took five or six minutes. But I don't think it's unreasonable to require parties to do that. And in fact, you know, it's what I think the purpose of Rule 51 is intended to serve, which is to keep defense counsel on their toes and to alert the court that they think the court has made some error that has caused it to reach an incorrect result, so that the district court is considering that in the first instance and that courts of appeals aren't having to consider those. Most of the grounds will have been identified in the sentencing memos, the PSR, and at the sentencing hearing, presumably. If they've all been identified there, do you have to raise it again? In your view, do you think that's the best reading? I don't think you have to raise anything again. I don't think that would be an unreasonable reading of Rule 51. I think you just have to preserve them at some point during the entire process. So you don't have to repeat arguments you might have raised in a presentencing memo or raised earlier in the proceeding. I just think you have to reprise the court at some point that the sentence it's imposed is outside the range of permissible sentences it could impose and explain why. And explain the rule. Do you think there's a lot of daylight between your position and what the government has been saying? The only daylight I see is in the first part of my rule. Remember, my rule has two points. One is you have to make the distinct legal argument that an imposed sentence is beyond the range of permissible choice, and then two is you have to state the facts and circumstances. The government agrees with part two. So really all it is, I think, is my requirement to require some more specificity that, hey, I'm raising the grounds for a substantive reasonableness argument as opposed to just simply asking for a shorter sentence. And you've got to go ahead. This outside the range, where do you think that that comes from? Because it seems to me that that comes from the reasonableness, the substantive reasonableness standard, which is an appellate standard. 3553, which is the statute that's directed to the trial judge, doesn't talk about ranges. To the contrary, it talks about, you know, there's a particular point. And of course, your particular point, your particular sentence might be different from somebody else's particular point and particular sentence. And the appellate court can say, you know, both of those are within the range of reasonableness. But the range seems a task for the appellate court and not for the district court. Well, so the way I read this Court's decisions in Rita, Booker, and Gall, they all emphasize the extraordinary amount of discretion that courts have the district courts have at sentencing. And I guess, Justice Kagan, I have trouble envisioning, kind of imagining what that discretion is if it's not discretion to pick amongst a number of sentences, all sentences, all of which are sufficient but not greater than necessary to serve the sentencing purposes. I think those decisions seem to recognize that you could have the same defendant convicted of the same crime presented to three different district court judges, all of whom are different sentences. Kagan. Kagan. And it's much like the one that Ms. Turner gave. I mean, suppose we had some decision which is subject to an abuse of discretion standard. What we wouldn't want to have happen is for the trial court to be making that decision and saying, I wonder, is this an abuse of discretion? No, we would want the trial court to be making the best decision that the court can make and then leave it to the appellate court to make to apply the abuse of discretion standard. And so to here, why isn't the directive to the trial court to say pick the sentence that's the appropriate, the single appropriate sentence you think under 3553, and then it's for the appellate court to say whether that falls within the range of reasonable discretion? So I want to be very clear. I do think it's still the district court's job to pick the sentence that's sufficient but not greater than necessary. And I don't think courts should be thinking about this in terms of what's reasonable or abuse of discretion. But I do think that we still want to require parties to speak up and object if they believe that the sentence the district court has imposed is not just one that they disagree with, but one that has given rise to a new argument that they're going to make on appeal, which is that, Your Honor, the sentence is not just one that I think is an exercise of discretion that I disagree with, it's one that's outside the range of discretion that I think this Court has in the first instance. But there are many examples where that might occur. You know, you ask the trial court to do something, it says no, and then in all these non-sentencing contexts, do you have to say, you know, Your Honor, not only is that not what I asked you to do, but it's also an abuse of discretion? The short answer is no. I don't think so in those other contexts. The longer answer is I do think there are some contexts in which we do require something similar to what I'm asking for here. Jury instructions is probably the best example, because district court judges do have discretion in how they shape jury instructions, and Rule 30 does require that if you think the district court has kind of gone outside the bounds of what it can do in the jury instruction context, you do have to apprise the court of that. I think sentencing should be a context in which we require something similar to that, because of the parsimony principle in 3553a, because of the significant guided nature of the court's discretion and the special obligation the court has to explain its sentencing under 3553c. So the short answer is I would not require the same requirement in those other contexts. The reason I think we should require here is sentencing is meaningfully different. Under the Fifth Circuit's rule, even if you don't object, it's going to be reviewed for plain error on appeal. And I'll ask the same question I asked Ms. Ratner, which is, can you imagine a sentence that's substantively unreasonable, but not plain error, because usually when judges find, appellate judges find it substantively unreasonable, they're saying, wow, the district judge really jumped the rails there. And that sounds, I mean, that's the common reaction to a sentence that is found substantively unreasonable, and that sounds like plain error. I agree with Ms. Ratner on this. I think there is some daylight between plain error and abusive discretion, probably not much. I do think many sentences that are deemed substantively unreasonable will likely satisfy plain error review. But I don't think this is a very fact-intensive case-by-case determination, and so I don't think the Court should just say, well, every substantive unreasonable sentence will be plain error. It might well turn out to be the case, but I don't think the Court should prejudge that. And Justice Breyer? Roberts, by substantively unreasonable, you mean nothing more than an erroneous application of the 3553 standards, right? Well, correct, Mr. Chief Justice, although it would have to be so erroneous that it falls outside the range of substantial discretion that we understand district courts to have at sentencing. So it's not just it's wrong, it's very wrong. The way it's articulated in many of the appellate courts is very deferentially articulated. That's correct, Justice Kavanaugh. There's one question you asked that I did want to address. You asked the government of what would happen in a situation where we have some preserved arguments and some unpreserved arguments, and some of which are subject to plain error and some of which are subject to harmless error review, for example? That does come up in other circumstances. We were looking into this. It comes up in cumulative error circumstances where parties are arguing cumulative error. There are a number of errors below, some of which were preserved, some of which were not. It can come up in the ineffective assistance of counsel area where you argue that counsel was ineffective for some reasons but not others. The short answer is it can be difficult, but courts of appeals have found ways to deal with it. And the way they do it is typically what Ms. Ratner said. They start by looking at the preserved errors, sort through those to see whether there's any grounds to reverse on that, and then go to the unpreserved errors. But I guess the point I would make is courts of appeals have found a way to deal with it. They haven't just said, oh, just because, you know, because we have this problem, we're just going to assume everything is preserved and go on to consider it. A couple more points, Mr. Chief Justice. One thing this Court has said in Gall, I think, is helpful in thinking about this. This Court said in Gall that if a district court judge determines that an outside guideline sentence is warranted, he must, quote, Well, I think in most cases you won't know whether the district court's justification is sufficiently compelling until you hear the court's sentence and the reasons for it. It's only then whether you can assess whether the justifications are sufficient to support the unusually harsh or unusually lenient sentence. And if it's not, I think it's reasonable, I think, to require a party to object and explain to the court why that's true, and I think that's something that we should rule 51 reasonably requires in asking parties to preserve their grounds for the argument. If there are no further questions, let me leave the Court with one final thought in thinking about this case. I think it's beneficial to consider not the run-of-the-mill sentencing case, but the sentencing proceeding in which a substantive reasonableness argument is likely to have the most viability, and that's when an imposed sentence differs dramatically from the guidelines range and likely the sentence that the parties have been advocating before it. In that circumstance, I think it's important to craft a rule that asks the parties to engage with the district court about the sentence in imposed and the reasons that it gave for doing so. Otherwise, courts of appeals will have to address that instance that address those issues in the first instance. The better rule, I think, is if a party believes that an imposed sentence is so excessive that it's beyond the range of choice that 3553a allows, they should make that specific argument to the district court and identify the facts and circumstances supporting it. Roberts. Thank you, counsel. Two minutes, Ms. Ratner. I'm sorry. Ms. Turner. Thank you, Mr. Chief Justice. The amicus's test is trying to fix a problem that does not exist. Nine courts of appeals show that the Fifth Circuit's rule is not necessary to the effective functioning of courts. Not only is it not necessary to the effective functioning of courts, it is inconsistent with Rule 51 in two ways. First is insofar as it requires a post-sentencing objection that is inconsistent with both Part A and Part B of the rule, which express the Part B expressly makes clear that exceptions are not required. Second, they frame the argument in terms of substantive reasonableness or the other articulations that my friend used outside the range of reasonableness, abuse of discretion. That's just the appellate standard of review, and there is no need to frame objections in district court in those terms. And second, Rule 51 just says that parties are required to tell the court what action the party wants the court to take. This facts and circumstances argument is, as Justice Kagan remarked, outside the question presented. But just to briefly say a few things, all we are asking this Court to do is to leave it to the lower courts to apply the same fair notice standard that they apply in other contexts in this context, and that grounds language that my friend is relying on is  It is only in the case of the lower courts. Sotomayor, where do you disagree with the government? Well, I think the government's position and our position are very close. I think where we might disagree is about when arguments are preserved, when a district court has fair notice. I think we both agree that the fair notice standard applies, but we might find more arguments that the district court had more fair notice of more arguments than the government is willing to concede. So, for example, here, I think they are not don't expressly address the public dangerousness argument that we raised below, but that's an area where we disagree. But as I was saying, in Rule 46, there is this grounds language. It is not present in Rule 51, and Rule 51 postdates Rule 46. So the rule enactors clearly knew how to require that if they wanted to. But even if you think there is some sort of grounds requirement in Rule 51 that's sort of implied, all that means is that the party needs to preserve the legal grounds on which they are relying. It does not mean they have to preserve every fact and circumstance. Finally, as I mentioned earlier in response to Justice Sotomayor's questions, this facts and circumstances test would mire the courts in very fact-bound disputes. Thank you. Thank you, counsel. Mr. Allen, this Court appointed you to brief and argue this case as an amicus curiae in support of the judgment below. You have ably discharged that responsibility for which we are grateful. The case is submitted.